IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN SUK KIM,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS J. VILSACK, Secretary of United States Department of Agriculture,<br><br>    Defendant. | No. C 10-02101 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br>(Docket No. 23) |

Plaintiff In Suk Kim moves for leave to file a second amended complaint. Defendant Thomas J. Vilsack opposes Plaintiff's motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's motion.

BACKGROUND

Plaintiff lodged a proposed second amended complaint along with her current motion. In response to deficiencies identified in Defendant's opposition, Plaintiff revised her proposed amended pleading and submitted a corrected version. The allegations below are contained in the most recent iteration of Plaintiff's proposed pleading.

Plaintiff is a former employee of the United States Department of Agriculture. On March 6, 2007, her application to be promoted to "Supervisory Chemist Branch Chief was rejected because the

position announcement was 'canceled.'" Revised Proposed 2d Am. Compl. (P2AC) ¶ 5. On March 26, 2007, Plaintiff filed an administrative complaint, alleging age discrimination.

On January 3, 2009, Plaintiff filed another administrative complaint, which alleged age and national origin discrimination and retaliation.[1] Plaintiff apparently disagreed with scores she received on performance evaluations and claimed that they were the products of age discrimination and retaliation for her March, 2007 complaint. She also complained that, in 2007, agency employees took actions against her that were motivated by age and national origin discrimination.

At some unspecified time, "Defendant promoted a young, non-Asian woman to Chemistry Branch Chief." P2AC. ¶ 15. Plaintiff does not allege that she applied for this position. This allegation apparently pertains to the February, 2010 selection of Dr. Patricia Nedialkova for this position. See Def.'s Answer ¶ 15.

On March 4, 2010, Plaintiff was reassigned from the position of Lead Chemist to Chemist. She was also "directed to vacate her office immediately, and was relieved of all of her assignments." P2AC. ¶ 16. She claims that she "was constructively discharged on March 4, 2010, in that a reasonable person would have reassigned [sic] under the said circumstances." Id. ¶ 17. She filed an administrative complaint regarding these actions on July 6, 2010.

Plaintiff initiated this lawsuit on May 17, 2010. Plaintiff

---

[1] Plaintiff did not plead the subject of this complaint in her proposed pleading, but instead lodged a copy of the complaint with her current motion. See Rogers Decl., Ex. 2, at 18-19.

2

filed an amended complaint on May 26, 2010. Defendant answered Plaintiff's amended complaint on July 19, 2010. The Court's Case Management Order set August 24, 2010 as the deadline to add parties or claims. Plaintiff filed her current motion on November 4, 2010.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been ordered, a party's ability to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Courts also consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

In her proposed amended pleading, Plaintiff appears to bring claims for age discrimination, in violation of the Age Discrimination in Employment Act (ADEA); national origin discrimination, in violation of Title VII; and retaliation, in violation of the ADEA and Title VII. Plaintiff's claims are apparently based on the administrative complaints she filed on March 26, 2007; January 3, 2009; and July 6, 2010.

3

Defendant does not argue that Plaintiff lacks good cause to amend her complaint after the deadline to add claims. Instead, Defendant asserts that leave to amend should be denied because Plaintiff's amendments are futile. Many of Defendant's arguments stem from Plaintiff's errors and lack of clarity with respect to her initial proposed amended pleading.[2] In any amended pleading, Plaintiff shall plead her allegations accurately and in accordance with Federal Rule of Civil Procedure 8.

I.  Claims for Failure to Promote to Chemistry Branch Chief Position in March, 2007

Defendant contends that Plaintiff's proposed claims based upon the March, 2007 denial of her application for a promotion are time-barred. This argument apparently was based on Plaintiff's initial proposed amended pleading, in which she alleged that she was notified of her non-selection on July 7, 2006. Because she alleged that she did not complain until March, 2007, Defendant asserted that her claim was time-barred based on 29 C.F.R. § 1614.105(a)(1), which requires aggrieved federal employees to contact an Equal Employment Opportunity (EEO) counselor within forty-five days of an alleged discriminatory action. However, in her opposition, Plaintiff asserts that the July, 2006 date was plead in error. In her revised proposed amended pleading, she alleges that she received notice of her non-selection on March 6, 2007, which falls within forty-five days of the date of she contacted an EEO counselor. Thus, Plaintiff's claims related to the March, 2007

---

[2] For instance, Plaintiff alleges in her proposed amended complaint that she is "of Korean ancestry and, at all times pertinent hereto, over 4 years of age." P2AC ¶ 3.

4

decision not to promote her do not appear to be time-barred.

Defendant also contends that these claims are futile because Plaintiff alleges that Defendant "cancelled" the announcement for the position for which she applied. Defendant interprets this allegation to mean that no position existed, which would preclude a disparate treatment claim. See Gay v. Waiters' & Dairy Lunchmen's Union, 694 F.2d 531, 548 (9th Cir. 1982) (stating that "'the failure to prove the existence of a job opening' is a failure as a matter of law to make out a prima facie case of disparate treatment under McDonnell Douglas") (quoting Chavez v. Tempe Union High Sch. Dist., 565 F.2d 1087, 1091 (9th Cir. 1977)). However, Plaintiff's allegation, although somewhat opaque, need not be given such an unfavorable reading. Interpreted generously, the revised proposed complaint could be understood to allege that the job announcement was withdrawn, not for legitimate business reasons, but based on unlawful discrimination against Plaintiff.

Plaintiff's vague pleadings suggest that she intends to bring claims for age and national origin discrimination and retaliation based on the March, 2007 denial of her application for promotion. However, her March, 26, 2007 administrative complaint alleged only age discrimination. Further, she does not plead any facts that suggest that the decision not to promote her was the product of unlawful retaliation. Thus, with respect to the March, 2007 denial of her application, Plaintiff is granted leave to amend her complaint to allege only a claim for age discrimination under the ADEA.

5

II. Claims Arising from Allegations Contained in Plaintiff's Third Administrative Complaint

Defendant argues that Plaintiff's claims based on her allegation that "Defendant promoted a young non-Asian woman to Chemistry Branch Chief" are futile because she failed to exhaust her administrative remedies with respect to it. In particular, Defendant points to a letter signed by Plaintiff, in which she states that she withdrew her January, 2010 administrative complaint concerning this personnel action. See Sladden Decl., Ex. A.

Plaintiff acknowledges that she withdrew her January, 2010 administrative complaint, but asserts that it was not a complaint on which she bases her current civil action. Instead, she maintains that her proposed second amended pleading rests in part on her July 6, 2010 administrative complaint. As noted above, that complaint concerned her purported demotion and constructive discharge in March, 2010, which she claimed to be caused by discrimination and harassment based on age, national origin, race and retaliation.

Based on the allegations contained in her proposed amended pleading, Plaintiff's claims arising from her July 6, 2010 administrative complaint do not appear to be futile. She is therefore granted leave to amend her pleadings to charge Defendant based on conduct plead in that complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Docket No. 23). Plaintiff is granted leave to amend to plead a claim for age discrimination based on the March, 2007 denial of her

6

application and claims for retaliation and age and national origin discrimination based on the allegations contained in her July 6, 2010 administrative complaint.  Plaintiff shall file an amended pleading within seven days of the date of this Order.  She shall not file the P2AC attached to her reply; Plaintiff must revise her proposed complaint to plead her claims with clarity and correct any errors noted above.  Defendant may file an amended answer within fourteen days of the date that Plaintiff's amended pleading is filed.

Plaintiff's counsel sent a letter, dated November 30, 2010, asking the Court to strike the Sladden Declaration filed at Docket No. 32.  Plaintiff represents that Docket No. 32, which has been locked by the Court's staff, contains private information; a corrected Sladden Declaration appears at Docket No. 33.  If Plaintiff seeks such administrative relief, she shall file an administrative motion pursuant to Civil L.R. 7-11.  In the alternative, she may file a joint stipulation seeking removal of the document.  Plaintiff's informal letter is not adequate.

IT IS SO ORDERED.

Dated: 2/3/2011

CLAUDIA WILKEN
United States District Judge