1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELISSA K.B. SLADDEN (CSBN 203307)
   VICTORIA R. CARRADERO (CSBN 217885)
4  Assistant United States Attorneys

5     450 Golden Gate Avenue, 9TH Floor
      San Francisco, California 94102-3495
6     Telephone: (415) 436-6962
      Fax: (415) 436-6748
7     Email: melissa.sladden@usdoj.gov

8  Attorneys for Federal Defendant Thomas Vilsack

9
   RICHARD M. ROGERS (CSBN 045843)
10 LAW OFFICE OF RICHARD M. ROGERS
   100 Bush Street, #1980
11 San Francisco, CA 94104
   Telephone: (415) 981-9788
12 Facsimile: (415) 981-9798
   Email: rogersmr@yahoo.com
13
   Attorneys for Plaintiff In Suk Kim
14

15
                    UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                          OAKLAND DIVISION
18

19 | IN SUK KIM, | ) | Case No. C-10-2101 CW |
   
20 |     Plaintiff, | ) | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT** |

21 |     v. | ) | **AND [PROPOSED] ORDER** |

22 | THOMAS VILSACK, SECRETARY OF | ) | |
   | UNITED STATES DEPARTMENT OF | ) | Judge:        The Honorable Claudia |
23 | AGRICULTURE, | ) | Wilken |
   | | ) | Courtroom:   2, 4TH Floor |
24 |     Defendant. | ) | |

25

26

27

28

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

1      IT IS HEREBY STIPULATED by and between the parties, Plaintiff In Suk Kim
2 ("Plaintiff") and Defendant Thomas Vilsack, Secretary of the United States Department of
3 Agriculture ("Defendant"), after full and open discussion, that this action be settled and
4 compromised on the following terms:

5      WHEREAS, Plaintiff filed the above-captioned action under the Age Discrimination in
6 Employment Act ("ADEA") 29 U.S.C. § 633a, and Title VII of the Civil Rights Act of 1964;

7      WHEREAS, Plaintiff filed administrative EEO complaint Nos. FSIS-2007-00559, FSIS-
8 2008-01060, FSIS-2010-00646, with the United States Department of Agriculture and thereafter
9 filed the above-captioned action in federal court.

10      WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy
11 and to settle and compromise fully any and all claims and issues that have been raised, or could
12 have been raised, arising out of Plaintiff's employment with Defendant, which have transpired
13 prior to the execution of this Agreement;

14      NOW, THEREFORE, in full and final settlement of all claims in connection with the
15 above-captioned action and in consideration of the mutual promises contained in this Agreement,
16 and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties
17 agree as follows:

18      1.   **Settlement Amount**. Defendant shall pay Plaintiff a total lump sum of Four-
19 Hundred-Thousand Dollars ($400,000) dollars ("Settlement Amount"). There shall be no
20 amount of withholding of any type from this amount. Plaintiff understands that this payment will
21 be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability,
22 if any, as a result of this payment is a matter solely between Plaintiff, her counsel in this action,
23 and the IRS. The Settlement Amount will be made via electronic funds transfer to Richard M.
24 Rogers Trust Account. Plaintiff and her attorney have been informed that payment of the
25 Settlement Amount may take sixty (60) days or more to process from the date that the Court "so
26 orders" this Agreement. To assist in expeditious processing of payment, within five (5) calendar
27 days of Plaintiff's execution of this agreement, Plaintiff and her counsel will provide to
28 Defendant's counsel AUSA Melissa K.B. Sladden all of the bank account, address, and tax

1  identification information necessary to process payment. AUSA Sladden will notify Plaintiff and
2  her counsel of all of the information required. Within five (5) business days of the date that the
3  Court "so orders" this Agreement and files the same, Defendant's counsel shall submit the
4  necessary paperwork to the Agency responsible for processing payment.

5      4. **Release**. In consideration of the payment of the Settlement Amount and the other
6  terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges
7  Defendant, the United States Department of Agriculture, and any and all of their past and present
8  officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all
9  obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and
10 nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or
11 omitted prior to the date she executes this Agreement, which arise from or relate to Plaintiff's
12 employment or the cessation of her employment with the United States Department of
13 Agriculture. This Release includes any claims for damages or benefits against Defendant and the
14 United States Department of Agriculture pertaining to the alleged differential amounts in or types
15 of federal health insurance or retirement benefits and differential amounts in federal pension and
16 years of service credit issues that Plaintiff claims she would have been entitled to because of the
17 conduct alleged in the above captioned action. The parties do not intend this settlement to
18 release claims based on acts or omissions that occur after the date of settlement related to
19 Plaintiff's federal pension and federal health insurance benefits that are administered by the
20 Office of Personnel Management or an agency that is not a signatory to this agreement. The
21 parties do not intend this settlement to release Plaintiff's entitlement to the extent it exists, to her
22 federal pension and federal health insurance benefits that are administered by the Office of
23 Personnel Management or an agency that is not a signatory to this agreement.

24      5. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction
25 of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all
26 stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and
27 district court complaints in connection with the above-captioned action, and any other EEO
28 administrative proceedings which were or are currently pending.

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW
2

1     6. **Dismissal**. In consideration of the payment of the Settlement Amount and the other

2 terms of this Stipulation and Agreement, Plaintiff agrees that she will within five days of

3 executing this agreement, execute a Stipulation of Dismissal, attached hereto as **Exhibit A**,

4 which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims

5 that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be

6 held by counsel for Defendant and will be filed with the Court upon notification of deposit of the

7 Settlement Amount via electronic funds transfer.

8     7. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

9 Section 1542 are set forth below:

10           "A general release does not extend to claims which the creditor
           does not know or suspect to exist in his or her favor at the time of
11           executing the release, which if known by him or her must have
           materially affected his or her settlement with the debtor."
12 Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys,

13 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights

14 she may have pursuant to the provision of that statute and any similar provision of federal law.

15 Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the

16 government for damages pertaining thereto are found hereinafter to be other than or different

17 from the facts now believed by them to be true, this Agreement shall be and remain effective

18 notwithstanding such material difference.

19     8. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and

20 complete defense to any subsequent action or other proceeding involving any person or party

21 which arises out of the claims released and discharged by the Agreement.

22     9. **No Admission of Liability**. This is a compromise settlement of a disputed claim and

23 demand, which settlement does not constitute an admission of liability or fault on the part of the

24 Defendant, the United States Department of Agriculture, or any of their past and present officials,

25 agents, employees, attorneys, or insurers on account of the events described in Plaintiff's

26 complaints in these actions.

27     10. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or

28 Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

3

1  Plaintiff's counsel shall be solely responsible for paying any such determined liability from any
2  government agency.

3      11. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with
4  respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind
5  the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute
6  is an action to enforce the Agreement in the United States District Court for the Northern District
7  of California.

8      12. **Construction**. Each party hereby stipulates that it has been represented by and has
9  relied upon independent counsel in the negotiations for the preparation of this Agreement, that it
10  has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of
11  and understands all of the terms of the Agreement and the legal consequences thereof. For
12  purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to
13  this Agreement and shall not, therefore, be construed against any Party for that reason in any
14  subsequent dispute.

15      13. **Severability**. If any provision of this Agreement shall be invalid, illegal, or
16  unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
17  any way be affected or impaired thereby.

18      14. **Integration**. This instrument shall constitute the entire Agreement between the
19  parties, and it is expressly understood and agreed that the Agreement has been freely and
20  voluntarily entered into by the parties hereto with the advice of counsel, who have explained the
21  legal effect of this Agreement. The parties further acknowledge that no warranties or
22  representations have been made on any subject other than as set forth in this Agreement. This
23  Agreement may not be altered, modified or otherwise changed in any respect except by writing,
24  duly executed by all of the parties or their authorized representatives.

25      15. **Authority**. The signatories to this Agreement have actual authority to bind the
26  parties.

27

28

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

4

1    16. **Application for Future Employment**. Plaintiff agrees that she will not apply for

2  employment at the United States Department of Agriculture for a period of five (5) years

3  following the date of her signature on this agreement.

4    17.   **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in**

5  **Employment Act**. Plaintiff is advised to consult her attorney about the Agreement. Plaintiff

6  acknowledges that she has been given a reasonable period of time to consider this Agreement.

7    18. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which

8  to revoke her acceptance. To revoke, Plaintiff must send a written statement of revocation,

9  which should be mailed and faxed to:

10       Marissa Suarez
         Attorney
11       Office of the General Counsel
         U.S. Department of Agriculture
12       33 New Montgomery, 17ᵗʰ Floor
         San Francisco, CA 94105
13
         Fax: 510-744-3170
14
A copy will also be provided to Defendant's counsel AUSA Melissa K.B. Sladden.
15
    Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff
16
does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective
17
Date") after the date Plaintiff signs and dates this Agreement.
18

19                            PLAINTIFF

20  DATED: April/7/2012

21                            In Suk Kim

22                            RICHARD M. ROGERS

23                            Richard M. Rogers
    DATED: April 17/2012      Attorney for Plaintiff
24
                             MELINDA HAAG
25                            United States Attorney

26  DATED: April/5/2012       Melissa K.B. Sladden
27                            Victoria R. Carradero
                             Assistant United States Attorney
28                            Attorneys for Defendant

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW
                             5

1
2    DATED: April 19, 2012                    _David P. Goldman_
3                                             David P. Goldman, M.D., M.P.H.
                                              Assistant Administrator
4                                             Office of Public Health Science
                                              FSIS, USDA
5
6
             **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
7
8
     Dated:  4/26/2012                        _Claudia Wilken_
9                                             HONORABLE CLAUDIA WILKEN
                                              United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW
                                        6