MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K.B. SLADDEN (CSBN 203307)
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorneys

   450 Golden Gate Avenue, 9TH Floor
   San Francisco, California 94102-3495
   Telephone: (415) 436-6962
   Fax: (415) 436-6748
   Email: melissa.sladden@usdoj.gov

Attorneys for Federal Defendant Thomas Vilsack


RICHARD M. ROGERS (CSBN 045843)
LAW OFFICE OF RICHARD M. ROGERS
100 Bush Street, #1980
San Francisco, CA 94104
Telephone: (415) 981-9788
Facsimile: (415) 981-9798
Email: rogersmr@yahoo.com

Attorneys for Plaintiff In Suk Kim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN SUK KIM, | Case No. C-10-2101 CW |
| Plaintiff, | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| v. | |
| THOMAS VILSACK, SECRETARY OF UNITED STATES DEPARTMENT OF AGRICULTURE, | Judge: The Honorable Claudia Wilken |
| Defendant. | Courtroom: 2, 4TH Floor |

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

IT IS HEREBY STIPULATED by and between the parties, Plaintiff In Suk Kim ("Plaintiff") and Defendant Thomas Vilsack, Secretary of the United States Department of Agriculture ("Defendant"), after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff filed the above-captioned action under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 633a, and Title VII of the Civil Rights Act of 1964;

WHEREAS, Plaintiff filed administrative EEO complaint Nos. FSIS-2007-00559, FSIS-2008-01060, FSIS-2010-00646, with the United States Department of Agriculture and thereafter filed the above-captioned action in federal court.

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in full and final settlement of all claims in connection with the above-captioned action and in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. Defendant shall pay Plaintiff a total lump sum of Four-Hundred-Thousand Dollars ($400,000) dollars ("Settlement Amount"). There shall be no amount of withholding of any type from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff, her counsel in this action, and the IRS. The Settlement Amount will be made via electronic funds transfer to Richard M. Rogers Trust Account. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that the Court "so orders" this Agreement. To assist in expeditious processing of payment, within five (5) calendar days of Plaintiff's execution of this agreement, Plaintiff and her counsel will provide to Defendant's counsel AUSA Melissa K.B. Sladden all of the bank account, address, and tax

identification information necessary to process payment. AUSA Sladden will notify Plaintiff and her counsel of all of the information required. Within five (5) business days of the date that the Court "so orders" this Agreement and files the same, Defendant's counsel shall submit the necessary paperwork to the Agency responsible for processing payment.

4. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the United States Department of Agriculture, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this Agreement, which arise from or relate to Plaintiff's employment or the cessation of her employment with the United States Department of Agriculture. This Release includes any claims for damages or benefits against Defendant and the United States Department of Agriculture pertaining to the alleged differential amounts in or types of federal health insurance or retirement benefits and differential amounts in federal pension and years of service credit issues that Plaintiff claims she would have been entitled to because of the conduct alleged in the above captioned action. The parties do not intend this settlement to release claims based on acts or omissions that occur after the date of settlement related to Plaintiff's federal pension and federal health insurance benefits that are administered by the Office of Personnel Management or an agency that is not a signatory to this agreement. The parties do not intend this settlement to release Plaintiff's entitlement to the extent it exists, to her federal pension and federal health insurance benefits that are administered by the Office of Personnel Management or an agency that is not a signatory to this agreement.

5. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which were or are currently pending.

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

2

1      6. **Dismissal**. In consideration of the payment of the Settlement Amount and the other
2  terms of this Stipulation and Agreement, Plaintiff agrees that she will within five days of
3  executing this agreement, execute a Stipulation of Dismissal, attached hereto as **Exhibit A**,
4  which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims
5  that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be
6  held by counsel for Defendant and will be filed with the Court upon notification of deposit of the
7  Settlement Amount via electronic funds transfer.

8      7. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code
9  Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

12 Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys,
13 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights
14 she may have pursuant to the provision of that statute and any similar provision of federal law.
15 Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the
16 government for damages pertaining thereto are found hereinafter to be other than or different
17 from the facts now believed by them to be true, this Agreement shall be and remain effective
18 notwithstanding such material difference.

19     8. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and
20 complete defense to any subsequent action or other proceeding involving any person or party
21 which arises out of the claims released and discharged by the Agreement.

22     9. **No Admission of Liability**. This is a compromise settlement of a disputed claim and
23 demand, which settlement does not constitute an admission of liability or fault on the part of the
24 Defendant, the United States Department of Agriculture, or any of their past and present officials,
25 agents, employees, attorneys, or insurers on account of the events described in Plaintiff's
26 complaints in these actions.

27     10. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or
28 Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW

3

1 Plaintiff's counsel shall be solely responsible for paying any such determined liability from any
2 government agency.

3     11. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with
4 respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind
5 the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute
6 is an action to enforce the Agreement in the United States District Court for the Northern District
7 of California.

8     12. **Construction**. Each party hereby stipulates that it has been represented by and has
9 relied upon independent counsel in the negotiations for the preparation of this Agreement, that it
10 has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of
11 and understands all of the terms of the Agreement and the legal consequences thereof. For
12 purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to
13 this Agreement and shall not, therefore, be construed against any Party for that reason in any
14 subsequent dispute.

15     13. **Severability**. If any provision of this Agreement shall be invalid, illegal, or
16 unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
17 any way be affected or impaired thereby.

18     14. **Integration**. This instrument shall constitute the entire Agreement between the
19 parties, and it is expressly understood and agreed that the Agreement has been freely and
20 voluntarily entered into by the parties hereto with the advice of counsel, who have explained the
21 legal effect of this Agreement. The parties further acknowledge that no warranties or
22 representations have been made on any subject other than as set forth in this Agreement. This
23 Agreement may not be altered, modified or otherwise changed in any respect except by writing,
24 duly executed by all of the parties or their authorized representatives.

25     15. **Authority**. The signatories to this Agreement have actual authority to bind the
26 parties.

27
28

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW
4

16. **Application for Future Employment.** Plaintiff agrees that she will not apply for employment at the United States Department of Agriculture for a period of five (5) years following the date of her signature on this agreement.

17. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act.** Plaintiff is advised to consult her attorney about the Agreement. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement.

18. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which to revoke her acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed and faxed to:

> Marissa Suarez
> Attorney
> Office of the General Counsel
> U.S. Department of Agriculture
> 33 New Montgomery, 17th Floor
> San Francisco, CA 94105
>
> Fax: 510-744-3170

A copy will also be provided to Defendant's counsel AUSA Melissa K.B. Sladden.

Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiff signs and dates this Agreement.

PLAINTIFF

DATED: April /7, 2012

In Suk Kim

DATED: April /7, 2012

Richard M. Rogers
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

DATED: April 6, 2012

Melissa K. B. Sladden
Victoria R. Carradero
Assistant United States Attorney
Attorneys for Defendant

STIPULATION OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER- C 10-2101 CW
5

DATED: April 19, 2012

David P. Goldman, M.D., M.P.H.
Assistant Administrator
Office of Public Health Science
FSIS, USDA

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 4/26/2012

HONORABLE CLAUDIA WILKEN
United States District Judge